IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

THOMAS FLORES,

        Plaintiffs,

   v.

MURPHY COMPANY, and Oregon
business corporation, dba
MURPHY VENEER,

        Defendant.

1:12-cv-2156-CL

ORDER

**PANNER, District Judge:**

    Plaintiff brings claims for violation of the Americans with Disabilities Act, the Family Medical Leave Act, and their state law equivalents. The jury found for Defendant on all claims.

    Plaintiff now moves to reconsider the denial of his motion for judgment as a matter of law. Alternatively, Plaintiff seeks a

1 - ORDER

new trial. The motion is DENIED.

### Legal Standard

"'Judgment as a matter of law is appropriate when the evidence, construed in the light most favorable to the non-moving party, permits only one reasonable conclusion, which is contrary to the jury's verdict.'" Hagen v. City of Eugene, 736 F.3d 1251, 1256 (9th Cir. 2013) (quoting Omega Envtl., Inc. v. Gilbarco, Inc., 127 F.3d 1157, 1161 (9th Cir. 1997)).

Under Federal Rule of Civil Procedure 59, a trial court may order a new trial if the jury's verdict is against the clear weight of the evidence, if based on false evidence, or would cause a miscarriage of justice. Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (internal citation omitted).

### Discussion

Proof of each of Plaintiff's claims rested substantially on Plaintiff's own testimony. The verdict indicates that the jury did not find Plaintiff credible. The jury could reasonably find that Plaintiff had not proved that he requested a reasonable accommodation. Similarly, the jury court reasonably find that the reason for Plaintiff's absence was unrelated to a disability. Substantial evidence supports the jury's verdict. Judgment as a matter of law is therefore inappropriate.

Plaintiff bases his request for a new trial entirely on the arguments presented in support of his motion for judgment as a matter of law. There is no indication that the jury's verdict was against the clear weight of evidence, based on false evidence, or would cause a miscarriage of justice. I find no basis for

2 - ORDER

granting a new trial.

## Conclusion

Plaintiff's Renewed Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. (50)(b) or for a New Trial (#98) is DENIED.

IT IS SO ORDERED.

DATED this  6  day of June, 2014.

*/s/ Owen M. Panner*
OWEN M. PANNER
U.S. DISTRICT JUDGE

3 - ORDER